IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TEX WHITE and ALYSIA WHITE,<br><br>    Plaintiffs,<br><br><br><br>    vs.<br><br><br>ZIONS FIRST NATIONAL BANK, N.A.,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING MOTIONS TO<br>DISMISS<br><br><br><br><br>Case No. 2:10-CV-250 TS |

Defendants Zions First National Bank, N.A. and Mortgage Electronic Registration Systems, Inc. move to dismiss the Complaint for failure to state a claim. Defendants argue that Plaintiff's theory that the trust deed note is unenforceable because it was transferred and "securitized" and Plaintiff's claim for recision under the Truth in Lending Act have been soundly rejected in this district. Defendants further argue that Plaintiff's claim for damages under the Real Estate Settlement Procedures Act is barred by the Act's one year statute of limitations.

Plaintiff's only response is to move to dismiss without prejudice.[1]

---

[1]Plaintiff did not file a Notice of Dismissal under Fed. R. Civ. P. 41.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' ""[W]e assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief.". "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[2]

The Court agrees with Defendants that the legal theories upon which Plaintiff bases his claims have been repeatedly rejected in this District[3] and that Plaintiff's RESPA claim is time-barred.[4] Having reviewed the Complaint under the above-discussed standard, there are no facts pleaded that differentiate this case from the many cases that have been dismissed based on the rejection of those theories or save the RESPA claim from being barred by the statute of limitations. Accordingly, the Court finds that dismissal with prejudice for the failure to state a claim is appropriate. It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 3) and Plaintiff's Motion to Dismiss (Docket No. 9) are GRANTED and the Complaint is DISMISSED WITH PREJUDICE for the failure to state a claim upon which relief can be granted.

The Clerk of Court is directed to close this case forthwith.

---

[2]*Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009)).

[3]*E.g. Foster v. BAC Home Loan Servicing, LP,* 2010 WL 3791976, 3 (D. Utah Sept. 22, 2010) (collecting cases); *see also Grealish v. American Brokers Conduit*, 2009 WL 2992570, *222 (D. Utah Sep. 16, 2009).

[4]*See* 12 U.S.C. § 2714 (stating that there is a three-year statute of limitations for violations of § 2605 and a one year statute of limitations for violations of §§ 2607 or 2608).

DATED   December 29, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge